UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

MUGEEB MOHAMED ALGOHAIM and
VILLA DELI GROCERY INC.,                              CIVIL ACTION No.

                          Plaintiffs,

        -against-                               COMPLAINT

UNITED STATES OF AMERICA,
UNITED STATES DEPARTMENT OF AGRICULTURE,
FOOD AND NUTRITION SERVICE,

                         Defendants.
-----------------------------------------------------------------x

      The Plaintiffs, MUGEEB MOHAMED ALGOHAIM and VILLA DELI GROCERY

INC., by their attorney, JESS M. BERKOWITZ, ESQ., complaining of the Defendants, UNITED

STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD

AND NUTRITION SERVICE, in the above-entitled action, respectfully allege as follows:

      1. Jurisdiction over this cause is founded under Section 14 of the Food and Nutrition Act

of 2008 (7 U.S.C. §2023) and Section 279.7 of the Regulations of the United States Department

of Agriculture, Food and Nutrition Service (7 CFR § 279.7).

      2. The Plaintiff, MUGEEB MOHAMED ALGOHAIM, is a resident of the County of

Bronx, City and State of New York.

      3. The Plaintiff, VILLA DELI GROCERY INC., is a corporation organized and existing

under the laws of the State of New York, with its principal place of business located at 3130

Villa Avenue, Bronx, New York 10468 wherein it owns and operates a convenience store.

      4. The Plaintiff, MUGEEB MOHAMED ALGOHAIM, is the sole shareholder, officer

and director of the Plaintiff, VILLA DELI GROCERY INC.

    5. On or about July 16, 2014, the Plaintiffs filed an application with the Defendants for authorization to participate in the Defendants Food Stamp Program/Supplemental Nutrition Assistance Program as a retail owner at the location described herein, and after inspection of the business premises the Plaintiffs were so authorized in September 22, 2014.

    6. By letter dated September 25, 2019, the Defendants informed the Plaintiffs that they were charged with violating Section 278.2(a) of Supplemental Nutrition Assistance Program (SNAP) regulations as a result of accepting Supplemental Nutrition Assistance Program Benefits in exchange for merchandise, which, in addition to eligible foods, include common non-food items on three (3) separate occasions, copy of which is annexed hereto as Exhibit "A".

    7. That as part of said charge, the Plaintiffs attached Transaction Reports for April 10, 2019, April 12, 2019, April 14, 2019 and April 27, 2019 and as a result of the alleged sale of ineligible items on three (3) of those occasions, the Plaintiffs' business was being considered for disqualification from the Supplemental Nutrition Assistance Program for a period of six (6) months, or the imposition of a civil money penalty, if applicable, in lieu of the disqualification, a copy of said Transaction Reports are annexed hereto and marked Exhibit "B".

    8. By letter dated October 16, 2019, the Section Chief, Retailer Operations Division of the Defendants, issued a determination that the Plaintiffs should be disqualified from participation in the Supplemental Nutrition Assistance Program for a period of six (6) months as a result of the violations set forth in the letter of charges and Transaction Reports. Copy of said letter is annexed hereto as Exhibit "C"

    9. By letter dated October 20, 2019, Plaintiff, through his attorney, Jess M. Berkowitz, requested an Administrative Review of the determination to disqualify the Plaintiffs from

participation in the Supplemental Nutrition Assistance Program for a period of six (6) months,

copy of said letter is annexed hereto as Exhibit "D".

10. By letter dated March 11, 2020, together with the "Final Agency Decision" of the

U.S. Department of Agriculture (USDA), Food and Nutrition Service (FNS) the decision to

disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program for

a period of six (6) months was upheld and sustained by the Defendants' Administrative Review

Branch. A copy of this final decision is annexed hereto and marked Exhibit "E".

11. That subsequent to each letter or decision a response or request for review was

timely taken by the Plaintiffs within the Defendants' administrative framework, and the result of

these appeals or reviews was to ultimately sustain and uphold the Defendants' decision to

disqualify the Plaintiffs from participating in the Supplemental Assistance Program for a period

of six (6) months.

12. Such determination has been made without the Plaintiffs having been afforded the

opportunity to confront and examine witnesses, review redacted information in the Defendant's

reports and the investigations and documents concerning same, and receive a complete and

unredacted determination of the Plaintiffs' Freedom Of Information Act Appeal so they would be

furnished all discovery material that form the basis of the charges lodged against said Plaintiffs

so they may adequately defend themselves.

13. This is a suit for judicial review of the determination and decision of the Defendants,

UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE,

FOOD AND NUTRITION SERVICE, in accordance with the provisions of Title 7 United States

Code §2023 and §279.7 of the Regulations of the United States Department of Agriculture, Food

and Nutrition Service pertaining to the Supplemental Nutrition Assistance Program.

14. The Plaintiffs categorically deny each and every charge or violation set forth by the Defendants which constitute the grounds for the Plaintiffs disqualification as participants in the Supplemental Nutrition Assistance Program for a period of six (6) months as described in the letter of charges and Transaction Reports.

15. The Defendants' decision to disqualify the Plaintiffs from participation in the Supplemental Nutrition Assistance Program is arbitrary and capricious and without merit for the following reasons:

(a) The failure of the Defendant's Investigator to obtain a positive identification during the three (3) instances wherein a clerk(s) at this owner's store is alleged to have sold the ineligible items and where the Plaintiff denies that such persons as identified in the Transaction Reports annexed hereto as Exhibit "B", worked in the store on the dates and times in question.

(b) The fact that all the so-called ineligible items allegedly sold were inexpensive regular household items, based on and contained in the notations in the Investigative Transaction Report, annexed hereto as Exhibit "B".

(c) The unsuccessful attempt to have the owner's employee engage in trafficking by obtaining U.S. currency for EBT benefits on April 14, 2019 and April 27, 2019;

(d) The unsuccessful attempt to have a different employee engage in a sale of ineligible items in exchange for EBT benefits on April 27, 2019;

(e) The failure to provide the time spent in the store on each investigative visit, namely the time of entry and departure, deprives the Plaintiff of the opportunity to consider whether the investigation was conducted for a sufficient period of time to be complete and thorough.

(f) The Plaintiffs have not been afforded an opportunity to confront and examine witnesses, particularly the Defendants' Investigators who investigated this business and charged

18

Plaintiffs with the violations of the Supplemental Nutrition Assistance Program Regulations.

16. In addition, The Defendants have failed to consider the following factors and evidence in their decision:

(a) The Plaintiff's unblemished record as an owner participating in the Supplemental Nutrition Assistance Program since being approved in 2014.

(b) The sanction of disqualification from participation in the Supplemental Nutrition Assistance Program for six (6) months is excessive under the circumstances herein, if, in fact, the charges lodged against the Plaintiff are sustained.

(c) That according to Defendant's own records, ineligible items were sold only three (3) times within a two (2) week period and were of negligible value and negligible profit.

17. It is submitted that the redactions in the Transaction Reports and Defendant's failure to reveal the entry and departure time is designed to avoid the necessary disclosure of the period of the time the investigator spent in the store, and the true identification of the clerk since the store records would reveal who was working at the time each investigation was conducted.

18. Where the nature and total cost of the alleged common ineligible non-food items purchased are as follows:

(a) One (1) Box of "Sunset" heavy weight spoons, 24 ct. priced at $ 1.25;

(b) One (1) Box of "Sunset" heavy weight spoons, 24 ct. priced at $ 1.25; and One (1) Box of "Sunset" heavy weight forks, 24 ct. priced at $ 1.25;

© One (1) Box of "Sunset" heavy weight spoons, 24 ct. priced at $ 1.25; and One (1) Box of "Sunset" heavy weight forks, 24 ct. priced at $ 1.25;

and are of such an insignificant amount, to wit, Six ($ 6.25) Dollars and Twenty-Five cents, particularly when compared to the Investigator's failed attempt to induce the clerk to engage in

trafficking on April 14, 2019 (Exhibit "C" of the Transaction Reports, annexed hereto and marked Exhibit "B") and on April 27, 2019 (Exhibit "C" of the Transaction Reports, annexed hereto and marked Exhibit "D"), the penalty is excessive.

19. It is further submitted that such failed attempts and the incomplete and ambiguous Transaction Reports must weigh heavily in favor in the Plaintiffs. Furthermore, it is inconceivable and unreasonable to believe that this owner would jeopardize a solvent and successful business and the source of his livelihood for the meager sum earned by the sale of these ineligible items.

20. That to disqualify this owner for a six (6) month period, merely due to alleged "carelessness and poor supervision" according to the FNS, will result in irreparable injury and damage to this Plaintiffs if this disqualification is imposed.

21. The Defendants' decision to disqualify the Plaintiffs from the Supplemental Nutrition Assistance Program is arbitrary and capricious and is in violation of the Defendants' own Regulations.

22. The Plaintiffs have exhausted all administrative remedies herein.

WHEREFORE, the Plaintiffs' respectfully requests this Court to review and set aside the decision and determination of the Defendants, UNITED STATES OF AMERICA, UNITED STATES DEPARTMENT OF AGRICULTURE, FOOD AND NUTRITION SERVICE to disqualify this Plaintiff from the Supplemental Nutrition Assistance Program for six (6) months and for such other and further relief as to this Court may be just and proper.

Dated:  New York, New York
          March 20, 2020

JESS M. BERKOWITZ (JMB3316)

20